136

## VIRGINIA MIRROR CO. v. ROARING RIVER FURNITURE CO. et al.

### No. 3655.

Circuit Court of Appeals, Fourth Circuit.

June 29, 1934.

J. E. Alexander, of Winston-Salem, N. C. (Whittle & Whittle, of Martinsville, Va., on the brief), for appellant.

Owen Reese, of High Point, N. C., and J. M. Brown, of North Wilkesboro, N. C. (John R. Jones, of North Wilkesboro, N. C., and Horace S. Haworth, of High Point, N. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

The appellant claims to be a creditor in the amount of $4,661.91 for goods sold and delivered to Roaring River Furniture Company which was adjudicated bankrupt April 3, 1929. Its formal proof of claim was not filed until January 1, 1930, more than six months thereafter, and it was therefore rejected by the referee under section 57, subdivision (n) of the Bankruptcy Law as revised by act of 1926 (11 USCA § 93 (n).

On January 14, 1930, at a creditors' meeting attended by attorneys for various creditors, by the trustees in bankruptcy and their attorney, and the bankrupt and its attorney, the appellant presented its claim, and it was agreed that it be allowed to later file a petition setting up the facts concerning the same, and shortly thereafter on or about January 16, 1930, the appellant as creditor did file its petition asking that its formal claim be allowed, and filed therewith as an exhibit a letter dated January 2, 1930, from the receivers of the bankrupt, in which it was said: "We reported your account to the Referee in Bankruptcy the 30th of last April, exactly the amount which the invoice attached calls for."

On May 12, 1930, at a further meeting of creditors also attended by representatives of various creditors, by the trustee in bankruptcy and their attorney, and the bankrupt and its attorney, a motion was made and unanimously carried to the effect that the appellant be allowed to prove its claim for the reason that it had not had notice of the bankruptcy proceedings within six months from the adjudication. No action seems to have been taken by the court on the above-mentioned petition, but the trustees, under orders of court, continued to operate the business until January 12, 1933, at which time at a creditors' meeting an offer on behalf of the bankrupt of $15,000 was made for the assets of the bankrupt except notes and accounts receivable. The offer, being approved by a majority in number of the creditors, was declared by the referee to be accepted subject to the approval of the District Judge; and contemporaneously a minute was made to the effect that the offer would be sufficient to pay all the creditors in full who filed their claims within the statutory period and to pay all costs of the proceeding and possibly creditors who filed their claims but not within the statutory period in full, unless it should develop that the unsecured creditors were entitled to interest or other unknown objection should arise.

This sale was finally approved by the District Judge. Subsequently, on February 12, 1934, the appellant filed a supplemental petition for the allowance of its claim setting out that as a result of the sale the trustees, after paying claims of all creditors in full (without interest), still had in hand $4,300 in cash and over $6,000 in book accounts receivable, and praying that this surplus fund should be distributed to creditors who had not filed their claims within six months, and not be returned to the bankrupt corporation. Both the bankrupt and the trustees of the bankrupt separately filed answers opposing this petition of the appellant. In the answer of the trustees they "admit that they have had information that the petitioner had a claim against the old Roaring River Furniture Company in the sum of $4661.91, which they failed to file until after the period for filing claims had elapsed, but as these trustees are informed, believe and allege, that a lack of knowledge, if any, on the part of the petitioner would not keep the statute from barring the claim to be filed after the six months period." It further appeared from the answer that many creditors had waived their claims to interest in favor of the bankrupt. The answer further took the position that the surplus in the hands of the trustees should be paid to the bankrupt. The answer of the bankrupt was to the same effect. On consideration of appellant's petition and the answers thereto, the District Judge denied the petition on the ground that appellant's proof of claim had not been filed within the six months' period, and held that the surplus was payable to the bankrupt. From this order the present appeal is prosecuted.

 It will be observed that the appellant's original petition for the allowance of its claim set out the fact, although somewhat ambiguously alleged, that its informal claim had been filed with the bankruptcy receivers within the six months' period; and counsel for the appellant now contends that, apart from other considerations, the appellant's claim should have been allowed under the doctrine of our decision in Scottsville National Bank v. Gilmer, 37 F.(2d) 227, which was to the effect that an informal claim presented within the six months' period might be amended after the six months' period and the claim allowed. It appears that this view of the case was not considered at all by the District Judge, and counsel for the appellees contend that the fact of filing the informal claim was too vaguely and ambiguously set out in plaintiff's petition to warrant its consideration by the court. In answer to this contention the

appellant has now filed in this court for the first time an affidavit to which are annexed original correspondence between the appellant and the bankruptcy receivers which, if we felt at liberty to refer to them to supplement the record, would remove any ambiguity as to the fact alleged. Counsel for the appellees object to the consideration of this new matter and, while not directly disputing the fact alleged, were unwilling to stipulate that the informal claim had in fact been filed.

Under the well-established appellate procedure, we do not feel at liberty to consider this new matter, not appearing in the record, but upon consideration of all the facts appearing in the record we are of the opinion that, despite the possible ambiguity in the allegation as to the filing of the informal claim, the facts alleged with regard thereto sufficiently appeared in the pleadings to justify a finding by the District Judge with regard thereto. We will therefore remand the case to the District Court with instructions to make inquiry and findings as to whether the appellant's claim was in fact informally filed within the six months' period, and whether under the facts as found the claim should be allowed under the doctrine of the Scottsville Case above referred to. It is accordingly so ordered. The costs on this appeal will be taxed against appellant.

Remanded.